## THE CRISTOBAL COLON. THE SEA KING.
### O'BRIEN BROS., Inc., v. COMPANIA TRASATLANTICA et al.

District Court, S. D. New York. December 14, 1929.

Foley & Martin, of New York City (James A. Martin and John R. Stewart, both of New York City, of counsel), for libelant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for the Cristobal Colon.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Eugene Underwood, Jr., of New York City, of counsel), for impleaded respondent.

WOOLSEY, District Judge. My decision in this case is that the libel must be dismissed, with costs as against the libelant, which are given both to the claimant of the steamship Cristobal Colon and to the respondents impleaded.

This case involves a question of the identity of the steamship with which the collision is alleged to have occurred.

I do not believe the story of the libelant's witnesses.

■ Where, as here, there was not any notice given of the accident, or any notice of any survey for the alleged damage claimed by the libelant to its vessel, the burden cast on the libelant of establishing its claim is very heavy.

When what may perhaps be aptly called an ex parte claim of this kind comes to be tried, the court must scrutinize the evidence with especial care in order to avoid possible injustices to the parties against whom such claims for damage are made.

The same rule would apply to many of the so-called wave damage claims.

I appreciate the arguments made in the libelant's brief on the theory of the master facts in a case, and on its claim that evidence of independent witnesses should control.

It is, in my opinion, however, very easy for a group of bargees to give somewhat dramatic evidence on the subject of ·a collision between a steamship and a barge under circumstances such as were sought to be described in this case.

If there had been a contact between the Cristobal Colon and the Sea King, which had resulted in making a series of scows and barges moored on the southerly side of the slip surge in towards the bulkhead and part a number of their lines, it seems to me quite incredible that it would not have been noticed by some one, either on the steamship or on the tugs which were docking the steamship, and that the bargees would not have been vocable in regard to their injuries.

Furthermore, there is the circumstance that the libel originally alleged that the damage occurred on April 4, 1927, and was subsequently amended to claim that the damage occurred on March 4th, after it had been established that the Cristobal Colon docked on the latter date.

Then there is the fact that the repairs, as shown by the libelant's own evidence, were not preceded by any notice of survey, and were not undertaken until April 17th. It seems also incredible to me that any such period would have been allowed to elapse without taking steps to repair the Sea King, if she had been damaged on March 4th, when the Cristobal Colon actually docked.

When the question involved in a case is as to the identity of the vessel which caused a damage, the decisions show that the burden of proof put on the libelant is very much heavier than in the ordinary case when the defending vessel is known. The City of Chester (D. C.) 18 F. 603; The Annex No. 3 (D. C.) 27 F. 516, affirmed (C. C.) 35 F. 560; The Newport (D. C.) 28 F. 658; The Andrew J. White (D. C.) 94 F. 1020; ·The Ramleh (D. C.) 157 F. 769.

My own view is that, in such cases, the evidence on the question of identity should be so preponderating as to amount practically to proof beyond a reasonable doubt.

Here, however, the credible evidence is, in my opinion, preponderatingly against the claim of the libel that the Cristobal Colon was the vessel which struck the Sea King, and I find that on the issue of identity the libelant utterly failed to make out its case.